Case 3:15-cv-00803-HBF    Document 64-3    Filed 11/14/16    Page 1 of 7

# EXHIBIT B

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| Krzysztof Darowski, | :     Case No: 3:15-cv-00803 (MPS) |
|     Plaintiff, | : |
| v. | : |
| Elzbieta Wojewoda, | : |
|     Defendant. | :     September 16, 2016 |

## DEFENDANT'S RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES TO ELZBIETA WOJEWODA

Pursuant to Rule 33(b) of the Federal Rules of Civil Procedure, the defendant, Elzbieta Wojewoda hereby responds to the interrogatories served by the plaintiff, Krzysztof Darowski on September 23, 2016.

## RESPONSE TO INTERROGATORIES

INTERROGATORY NO. 1:

Please identify each person from whom information or documents were obtained to respond to Plaintiff's written discovery requests, or who assisted in preparing the responses and objections to said discovery requests.

**RESPONSE:**

**Elzbieta Wojewoda and her daughter Marta Wojewoda prepared responses with the assistance of counsel. Marta Wojewoda acted as translator and therefore the content or specifics of her participation is privileged.**

INTERROGATORY NO. 2:

Please identify each type of document which you made, kept, or preserved relating to the employment, hiring, work terms, labor, earnings, deductions, insurance, or benefits of any employee or independent contractor.

**RESPONSE:**

**Objection. The defendant objects to this interrogatory on the grounds that it is overly broad, unduly burdensome, not reasonably limited in time or scope and not**

**00118.**

c.  **129 Huntingtown Road, Newtown, CT 06470**

d.  **Wages were $550 per week. A fully furnished apartment with utilities was also provided as compensation. Heat, electricity, internet service, American cable, and Polish news were included.**

e.  **Elzbieta Wojewoda.**

f.  **Elzbieta Wojewoda.**

g.  **Elzbieta Wojewoda.**

INTERROGATORY NO. 5:

Please identify each person who prepared or assisted in preparing your payroll records and paychecks or wage payments made in cash at any time from 2010 to the present.

**RESPONSE:**

**Elzbieta Wojewoda.**

INTERROGATORY NO. 6:

Please state the name, address, job title, and brief job description of each and every person having decision-making functions of any kind concerning recruitment, hiring, orientation, assignment, supervision, overseeing, or inspection of work performed for you or on your behalf at any time from 2010 to the present.

**RESPONSE:**

1.  **Elzbieta Wojewoda, 129 Huntingtown Road, Newtown, CT 06470.**

2.  **Marek Wojewoda, 129 Huntingtown Road, Newtown, CT 06470. Assisted with some tasks.**

INTERROGATORY NO. 7:

Please identify each person who served as your accountant or tax preparer at any time from 2010 to the present.

**RESPONSE:**

**Objection. The defendant objects to this interrogatory on the grounds that it is not calculated to lead to the discovery of admissible evidence. Further, the interrogatory seeks irrelevant and immaterial information as it does not pertain to the**

8

**visa by falsely accusing Defendant of labor trafficking by filing baseless accusations with federal agencies who never provided the Defendant notice, due process, or any opportunity to defend herself from the accusations.**

INTERROGATORY NO. 12:

Set forth all facts concerning your policy (or policies if they have changed over time) with respect to assignment of work to employees and independent contractors.

**RESPONSE:**

**Objection. The Defendant objects to this interrogatory on the grounds that it is overly broad, vague, unduly burdensome, not reasonably limited in time or scope and not calculated to lead to the discovery of admissible evidence. Further, the interrogatory seeks irrelevant and immaterial information as it seeks material unrelated to the issues of wages and hours which are the only issues in this case. Without waiving the foregoing objection, defendant responds that there were no formal policies as the horse boarding business was low-producing and informal and required little management, little labor, and generated few if any profits.**

INTERROGATORY NO. 13:

Identify each person with knowledge of the facts set forth in your response to the previous interrogatory.

**RESPONSE:**

**Elzbieta Wojewoda.**

**Marek Wojewoda.**

INTERROGATORY NO. 14:

Please state whether you have obtained any non-privileged written or oral statement(s) from any person(s) concerning any of the allegations of the Complaint.  If affirmative, state:

    a.    the name and address of the person who gave the statement, and date the statement was obtained;

    b.    if written, whether the statement was signed by this person;

    c.    if oral, the name and address of the person who obtained the statement and the date the statement was obtained; and

11

**left the farm I only stayed in business until around September 2013.**

INTERROGATORY NO. 17:

Please identify each person who has performed any of the same duties as Plaintiff at any time from the commencement of your horse boarding business to the present, and list their dates of employment.

**RESPONSE:**

**Objection. The Defendant objects to this interrogatory on the grounds that it is overly broad, unduly burdensome, not reasonably limited in time or scope and not calculated to lead to the discovery of admissible evidence. Further, the interrogatory seeks irrelevant and immaterial information as it pertains to employees of the Defendant whose wages and hours are not at issue in this case. Without waiving the foregoing objection, defendant responds that:**

**1. Elzbieta Wojewoda, assisted in all of Darowski's tasks each day since commencement of Plaintiff's employment. That is why she knew the hours he worked.**

**2. Marek Wojewoda at least since commencement of Plaintiff's employment.**

**3. Barbara Thurlow, no precise dates of employment. Took place during a short vacation.**

**4. One of Marek's workers did leaf removal, grass cutting, tree branches for the barn because it was never completed by Plaintiff.**

INTERROGATORY NO. 18:

Please explain in detail any interchange or loans of employees between you and Marek Wojewoda.

**RESPONSE:**

**1. In 2012. Plaintiff helped Marek and Marek's workers while they deepened a pool on the property. Plaintiff only helped for about an hour because he caused more damage than help. He used the wheelbarrow to take soil to dump trailer. See Defendant's Production Bates Nos. 00208 – 00209.**

**2. Marek's worker did leaf removal because it was never completed by Plaintiff.**

**3. Marek's workers or the Defendant and her husband mowed the lawn almost**

every time although that was supposed to be the Plaintiff's job.

4. **Marek's workers repaired fences although that was supposed to be the Plaintiff's job.**

5. **Marek's workers did tree trimming although that was supposed to be the Plaintiff's job.**

INTERROGATORY NO. 19:

Please state when and why you made the notations about hours and weather conditions appearing at Defendant's Production Bates Nos. 00024-00088.

**RESPONSE:**

**During poor weather conditions such as rain or snow, Plaintiff's hours were limited. Often times the hours worked were less if the weather was bad. Many of Plaintiff's duties were not performed in winter or bad weather such as mowing grass.**

INTERROGATORY NO. 20:

Please explain the significance of the AT&T statements appearing at Defendant's Production Bates Nos. 00119-00160.

**RESPONSE:**

**Represents part of the utilities that were provided as part of Plaintiff's compensation by the defendant. Also provides documentation that the Defendant supplied a means of communication to the Plaintiff. Plaintiff was not isolated or cut off from contact with dentists or other individuals.**

INTERROGATORY NO. 21:

Please explain the significance of the Dish Network statements appearing at Defendant's Production Bates Nos. 00161-00204.

**RESPONSE:**

**Represents part of the utilities that were provided as part of Plaintiff's compensation by the defendant. Also provides documentation that the Defendant supplied a means of communication to the Plaintiff. Plaintiff was not isolated or cut off from contact with dentists or other individuals.**

14

## VERIFICATION

I, Elzbieta Wojewoda, being duly sworn, depose and say that I have read the foregoing responses to Plaintiff's First Set of Interrogatories to Elzbieta Wojewoda and hereby verify that the foregoing answers are true to the best of my knowledge and belief.

_____
Elzbieta Wojewoda

Sworn to before me this 16th day of September, 2016.

_____
Christopher S. Arcoilie
Notary Public / Commissioner of the Superior Court

My Commission Expires:

18