UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| KRZYSZTOF DAROWSKI, | |
|---|---|
| Plaintiff, | No. 3:15-CV-803 (MPS) |
| v. | |
| ELZBIETA WOJEWODA, MAREK WOJEWODA, and KARDYNAL ROOFING & SIDING, LLC, | |
| Defendants. | |

**RULING ON MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**

Plaintiff Krzysztof Darowski filed this action against Defendants Elzbieta Wojewoda, Marek Wojewoda, and Kardynal Roofing & Siding, LLC (collectively, "Defendants"), alleging that Defendants failed to pay him all required wages for his work performed for their horse-boarding and roofing businesses. Darowski brought claims for failure to pay overtime wages in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207, failure to pay overtime and minimum wages in violation of the Connecticut Minimum Wage Act ("CMWA"), Connecticut General Statutes ("Conn. Gen. Stat.") §§ 31-58 *et seq.*, and failure to pay wages on a weekly basis as required by Conn. Gen. Stat. § 31-71b. Pending before the Court is Plaintiff's motion for leave to file a second amended complaint ("SAC") adding a FLSA retaliation claim against Defendants. (ECF No. 113.)

For the reasons set forth below, Plaintiff's motion for leave to file the SAC is DENIED.

**I. Background**

I assume familiarity with the underlying facts of this case, which are recounted in detail in the summary judgment ruling. (ECF No. 112.) I recount certain relevant facts below.

1

Plaintiff filed this suit in May, 2015, and the parties completed discovery in November, 2016. (ECF No. 69.) On December 19, 2017, the Court denied Defendants' motion for summary judgment, finding that genuine issues of material fact exist regarding whether Plaintiff is entitled to equitable tolling of the statute of limitations under the FLSA and the CMWA. (ECF No. 112.) The Joint Trial Memorandum is due June 11, 2018, and jury selection is set for July 11, 2018. (ECF No. 107.)

On January 4, 2018, Plaintiff moved for leave to file the SAC to add a claim for damages under FLSA's anti-retaliation provision, 29 U.S.C. § 215(a)(3). In the proposed SAC, Plaintiff alleges that two years after he filed this lawsuit, Defendants filed a "frivolous" lawsuit against him in Superior Court for the Judicial District of Danbury, *Wojewoda v. Darowski et al.*, No. DBD-CV17-6022369-S ("the State Court Action"). Plaintiff spent $7,045.00 in attorney's fees and costs to defend the lawsuit.

In the State Court Action, Defendants claimed damages for defamation based on false statements Plaintiff allegedly made in affidavits submitted to the Department of Homeland Security in support of his application for T-Nonimmigrant Status ("T Visa"). Defendants sued Plaintiff, Anna Szurawski, who provided Polish language interpretation services during Plaintiff's meetings with the attorney who represented him in the T Visa application process, and Karen Rosa, who provided a witness statement in support of Plaintiff's T Visa application. Just before Defendants filed the lawsuit, the parties' respective counsel debated the merits of Defendants' claims via email, with Plaintiff's counsel insisting that the claims were meritless and Defendants' counsel insisting that they were not. (ECF No. 121-1.)

The Superior Court dismissed all nine counts in Defendants' complaint on October 12, 2017, holding that Plaintiff's statements made in the course of the T Visa proceedings were quasi-

2

judicial in nature and therefore absolutely immune from civil liability. (ECF No. 113-3.) Defendants withdrew the State Court Action on November 13, 2017.

Plaintiff now argues that the Superior Court's opinion dismissing all counts of the State Court Action and the speed with which Defendants withdrew the suit following the decision exposed the frivolousness of the lawsuit, which, Plaintiff argues, Defendants brought not "for the purpose of vindicating their rights but to gain a strategic advantage" in this lawsuit, namely, "to retaliate against Darowski for bringing the present lawsuit, wherein they stand to pay a significant judgment, as leverage for a more favorable settlement." (ECF No. 113 at 3.)

**II.     Legal Standard**

Because he seeks to add claims based on events that occurred after he filed the original complaint, Plaintiff's motion is properly classified as a motion to file a supplemental pleading. Rule 15(d) of the Federal Rules of Civil Procedure provides that "[o]n motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented."

"[L]eave to file a supplemental pleading should be freely permitted when the supplemental facts connect it to the original pleading." *Quaratino v. Tiffany & Co.*, 71 F.3d 58, 66 (2d Cir. 1995). "The same standard . . . applies to both motions to amend and motions to supplement," *M.V.B. Collision, Inc. v. Allstate Ins. Co.*, 728 F. Supp. 2d 205, 222 (E.D.N.Y. 2010); despite the liberal standard for amending or supplementing pleadings, "[a] district court has discretion to deny leave for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). "In determining what constitutes 'prejudice,' [the

Second Circuit] generally consider[s] whether the assertion of the new claim or defense would (i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay the resolution of the dispute; or (iii) prevent the plaintiff from bringing a timely action in another jurisdiction." *Monahan v. N.Y. City Dep't of Corr.*, 214 F.3d 275, 284 (2d Cir. 2000) (internal quotation marks omitted).

"Undue prejudice arises," for example, "when an amendment comes on the eve of trial and would result in new problems of proof." *Ruotolo v. City of New York*, 514 F.3d 184, 192 (2d Cir. 2008) (internal quotation marks and citations omitted). Nonetheless, "allegations that an amendment will require the expenditure of additional time, effort, or money do not themselves constitute undue prejudice." *Fresh Del Monte Produce, Inc. v. Del Monte Foods, Inc.*, 304 F.R.D. 170, 174-75 (S.D.N.Y. 2014) (internal citations omitted). "[T]he fact that the opposing party will have to undertake additional discovery, standing alone, does not suffice to warrant denial of a motion to amend a pleading." *Id*. (quoting *U.S. ex rel. Mar. Admin. v. Cont'l Ill. Nat'l Bank & Trust Co.*, 889 F.2d 1248, 1255 (2d Cir. 1989)).

Where a court has entered a scheduling order, courts balance the standard for motions to amend or supplement against the requirement that the Court's scheduling "shall not be modified except upon a showing of good cause." Fed. R. Civ. P. 16(b). "A finding of good cause depends on the diligence of the moving party." *Grochowski v. Phoenix Const.*, 318 F.3d 80, 86 (2d Cir. 2003).

## III. Discussion

### A. Delay

While Plaintiff moved to supplement the complaint less than two months after the newly complained of conduct occurred, I agree with Defendants that the amendment would unduly delay

the proceedings in this matter, which is now approaching trial. The added claim likely would require additional discovery, likely followed by briefing of a dispositive motion. The prospect of additional discovery—while on its own not a basis to deny leave to file a supplemental pleading—weighs against granting the requested leave, given that the discovery period has closed, the Court has denied summary judgment, and the parties are preparing for trial. *See Zahra v. Town of Southold*, 48 F.3d 674, 686 (2d Cir. 1995) (affirming denial of motion to amend where request to amend was filed over two years after the commencement of the action and three months prior to trial); *Ansam Assocs. v. Cola Petroleum, Ltd.*, 760 F.2d 442, 446 (2d Cir. 1985) (affirming denial of motion to amend where discovery had been completed and defendant had filed motion for summary judgment); *Stiller v. Colangelo*, 221 F.R.D. 316, 317 (D. Conn. 2004) (denying motion to amend where discovery closed and proposed claims were "different in character and purpose from those articulated in the initial complaint," as they arose out of the defendants' litigation conduct rather than the facts underlying the original complaint).

### B. Confusion of the Issues at Trial

Granting leave for Plaintiff to file the SAC also risks confusing the issues at trial. Where "the issues raised by the amendment are remote from the other issues in the case and might confuse or mislead the jury, leave to amend may well be denied." Wright, Miller & Kane, 6 Fed. Prac. & Proc. § 1487 (3d ed. 2018). The issues currently for trial include the work Plaintiff performed for Defendants; how much Defendants paid him for that work; whether Plaintiff is entitled to equitable tolling of the statutes of limitations on his FLSA and CMWA claims on the grounds that he acted with reasonable diligence during the period he seeks to have tolled and that extraordinary circumstances exist; and whether Defendants willfully violated either wage statute. All of these issues concern the parties' conduct while Plaintiff worked for Defendants from September 2010

5

through early 2013. By contrast, adjudicating the FLSA retaliation claim would focus on Defendants' conduct between April 2017, when counsel discussed the possibility that Defendants would file the State Court Action, and November 2017, when Defendants withdrew that action. It would also focus on Defendants' motivations for filing the State Court Action, a topic unrelated to the details of the parties' employment relationship. *See Amusement Indus. v. Stern*, No. 07 Civ. 11586 (LAK)(GWG), 2014 WL 4460393, at *15 (S.D.N.Y. Sept. 11, 2014) (denying motion to file supplemental pleading, as asking the jury to consider defendants' litigation conduct in addition to the allegations underlying the original complaint risked confusing the jury); *Stiller*, 221 F.R.D. at 317 (denying motion for leave to amend where the claims regarding litigation conduct were "sufficiently remote from the initial complaint" that they risked confusing the jury). It would also likely involve an assessment of whether Defendants' lawsuit was "objectively baseless" when it was filed. *See, e.g.*, *Prof'l Real Estate Inv'rs, Inc. v. Columbia Pictures Indus., Inc.*, 508 U.S. 49 (1993). Finally, especially because the state court struck all nine counts of Defendants' complaint, there is a risk that the jury would be misled and Defendants unduly prejudiced in defending the wage claims in a joint trial due to negative spillover effects from the added retaliation claim. Specifically, a jury might regard the striking of the Defendants' defamation claims against the Plaintiff as tantamount to a judicial determination that those claims were frivolous and retaliatory, a misperception that could undermine the Defendants' defense of the wage claims.

### C. Plaintiff Will Not be Precluded from Raising a Claim Regarding Defendants' Litigation Conduct in a Separate Lawsuit

Plaintiff will not be precluded from raising the proposed FLSA retaliation claim in a separate lawsuit, and therefore will not be unduly prejudiced by his inability to raise the claim here. As discussed above, the two claims do not arise from the same transaction or occurrence. The former arises from the work the Plaintiff performed for Defendants, while the latter arises

from the Defendants' litigation conduct four years later. *See S.E.C. v. First Jersey Sec., Inc.*, 101 F.3d 1450, 1464 (2d Cir. 1996) ("[i]f a defendant engages in actionable conduct after a lawsuit is commenced, the plaintiff may seek leave to file a supplemental pleading . . . . But he is not required to do so, and his election not to do so is not penalized by application of res judicata to bar a later suit on that subsequent conduct."). And, even if Plaintiff fails to prove his FLSA wage claim at trial, he would not be precluded from prevailing on his retaliation claim. *See Marcotte v. City of Rochester*, 677 Fed. Appx. 723, 726 (2d Cir. 2017) (summary order) ("It is possible to state an anti-retaliation claim under the FLSA without proving an actual violation of the FLSA.").

### D. Futility

Finally, Defendants also argue that the Court should not permit the Plaintiff to add a FLSA retaliation claim because such a claim would be futile. A proposed claim is futile if it could not withstand a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Lucente v. Int'l Bus. Mach. Corp.*, 310 F.3d 243, 258 (2d Cir. 2002). Because I conclude that granting Plaintiff leave to supplement the pleadings would unduly delay trial and prejudice Defendants by risking confusion of the issues at trial, and that Plaintiff will not be precluded from raising his claim in another lawsuit, I need not resolve whether Plaintiff's proposed FLSA retaliation claim could survive a motion to dismiss under Rule 12(b)(6).

## IV. Conclusion

For the reasons stated above, Plaintiff's motion for leave to file a second amended complaint is DENIED.

IT IS SO ORDERED.

/s/
Michael P. Shea, U.S.D.J.

Dated: Hartford, Connecticut
May 8, 2018